UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JACOB BARRETT,

        Petitioner,        6:10-cv-00035-TC

        v.        FINDINGS AND RECOMMENDATION

OREGON ATTORNEY GENERAL
ELLEN ROSENBLUM,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner filed a petition under 28 U.S.C. § 2254, challenging his convictions for Aggravated Murder, Murder, and Robbery.

Respondent now moves to deny the petition and dismiss this proceeding on the grounds that petitioner did not file his petition within the time allowed by 28 U.S.C. § 2244.

By Order (#49) entered May 20, 2013, petitioner's "brief

1 - FINDINGS AND RECOMMENDATION

in Support" (#48) was construed as a request for additional time to file a reply to respondent's response and answer, and was allowed. Petitioner was advised that the petition would be decided on the record before the court after the expiration of 60 days.

Petitioner has not filed a reply or brief in support, nor requested a further extension of time to do so.

Under 28 U.S.C. § 2244(d), a one-year statute of limitations applies to petitions under 28 U.S.C. § 2254. The statute of limitations begins to run on the date on which the underlying judgment of conviction became final by the conclusion of of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Time elapsed after finality and before collateral filing, and time after final collateral disposition and before federal filing counts against the year. 28 U.S.C. § 2244(d)(2); <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

The direct review of petitioner's conviction concluded on May 1, 2011, when the Oregon Court of Appeals granted petitioner's motion to voluntarily dismiss his direct appeal from the amended judgment.[1] Thus, petitioner had one year

---

[1] Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed in a written opinion. *State v. Barrett*, 153 Or. App. 621 (1998)). The Oregon Supreme Court reversed the decision of the Court of Appeals, reversed the judgment of the trial court, and remanded for re-sentencing. 331 Or. 27 (2000)).

2 - FINDINGS AND RECOMMENDATION

from May 1, 2001, excluding any time during which a properly filed state post-conviction case, or other collateral remedy, was pending, to file a federal habeas corpus petition.

Petitioner signed a petition for post-conviction relief (PCR) on April 26, 2001, but subsequently moved to dismiss it. The judgment dismissing petitioner's first PCR proceeding issued on May 16, 2002. Respondent's Exhibits 105 - 107.

Petitioner signed a second PCR petition on January 28, 2003, but subsequently moved to dismiss it. The judgment dismissing petitioner's second PRC proceeding issued on May 27, 2003. Respondent's Exhibits 108 - 109.

Petitioner signed a third PCR petition on February 24, 2008, but the PCR trial court dismissed the petition as time barred. Petitioner appealed the dismissal, but the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. The appellate judgment issued on July 26, 2012. Respondent's Exhibits 110 - 114.

Petitioner's first two PRC petitions were "properly filed" within Oregon's two-year statute of limitations for PCR proceedings. See, ORS 138.510. Thus petitioner is entitled to statutory tolling during the time he was litigating those petitions. However, petitioner's third PCR petition was not

---

Petitioner was re-sentenced, and appealed after re-sentencing, but subsequently moved to dismiss his appeal, which the Oregon Court of Appeals granted. Resp. Exhibit 104

3 - FINDINGS AND RECOMMENDATION

"properly filed," because it was dismissed by the PCR court as time barred. Petitioner is not entitled to statutory tolling of the time period he was litigating that petition. See, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Although the judgment from the criminal proceeding was final on May 1, 2001, petitioner filed a PCR petition prior to that date, creating a continuous attack on the convictions. The judgment in the first PCR proceeding issued on May 16, 2002. Between that date and January 28, 2003, the date on which petitioner signed the second PCR petition, 257 days accrued. The judgment in the second PRC proceeding issued on May 27, 2003. Between that date and January 4, 2010, the date on which petitioner signed the federal habeas corpus petition before the court, 2,414 days accrued. In sum, 2,671 days elapsed between the entry of the final judgment in petitioner's criminal case and the date he filed the present proceeding, which exceeds the 365 days provided under 28 U.S.C. § 2244(d).

Petitioner has not established any extraordinary circumstances beyond his control that made it impossible to file a petition on time. See, Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006); Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005); Allen v Lewis, 255 F.3d 798, 799 (9th Cir. 2001); Green v. White, 223 F.3rd 1001, 1003 (9th Cir. 2000);

4 - FINDINGS AND RECOMMENDATION

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner's Petition (#2) should be denied and this proceeding should be dismissed as time-barred. The Clerk of Court should enter a judgment of dismissal with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////
/////
/////
/////

5 - FINDINGS AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>See</u>, *28 U.S.C. § 2253(c)(2).*

DATED this 28 day of August, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge