IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,

    Petitioner,

v.

OREGON ATTORNEY GENERAL
ELLEN ROSENBLOOM,

    Respondent.

Civ. No. 6:10-cv-35-MC

OPINION AND ORDER

MCSHANE, Judge:

    Petitioner filed this petition (#2) for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for Aggravated Murder, Murder, and Robbery. Respondent, in response (#38), moves this Court to deny the petition for failure to timely file under 28 U.S.C. § 2244. Judge Thomas M. Coffin issued a Findings and Recommendation (F & R) on August 28, 2013. This matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b).

    Because no objections to the F & R were timely filed, this court reviews only the legal principles *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988). Upon review, this Court finds find no error in Judge Coffin's F & R (#27).[1]

---

[1] Judge Coffin cites *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999) to support the rule that "[t]ime elapsed after finality and before collateral filing, and time after final collateral disposition and before federal filing counts against the year." Findings and Recommendation 2, ECF No. 52. However, in *Nedds v. Calderon*, the Ninth Circuit

1 -- OPINION AND ORDER

## CONCLUSION

This Court ADOPTS Judge Coffin's F & R (#52) in full. Petitioner Jacob Barrett's petition (#2) is DENIED and this proceeding is DISMISSED as time-barred.

IT IS SO ORDERED.

DATED this 21st day of October, 2013.

_____
Michael J. McShane
United States District Judge

---

recognized that *Carey v. Saffold*, 536 U.S. 214, 225 (2002), "implicitly overruled *Nino*." 678 F.3d 777, 781 (9th Cir. 2012). This implicit overruling does not help petitioner's timeliness under 28 U.S.C. § 2244. Rather, "under current Supreme Court law, if the state habeas court or the federal habeas court determines that a petitioner's state habeas delays were unreasonable, he would not be entitled to statutory tolling for the intervals between state habeas petitions." *Id.*

2 – OPINION AND ORDER